```
F I L E D
CLERK, U.S. DISTRICT COURT

3/16/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___RAM___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARC GREGORY GOODWIN,<br>　aka "loweredforlife,"<br><br>　　　　Defendant. | ED CR No. 5:22-CR-00075-AB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

### COUNT ONE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about June 17, 2021, in San Bernardino County, within the Central District of California, and elsewhere, defendant MARC GREGORY GOODWIN, also known as "loweredforlife," knowingly possessed a Yahoo email account, namely, "loweredforlife@yahoo.com," that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and

shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant GOODWIN possessed on his Yahoo account included, but was not limited to, the following images and video:

(1)   An image titled "kbaby-set12-6431.jpg";

(2)   An image titled "IMG_3160.jpg"; and

(3)   A video titled "_o_lol_cat__cum.wmv."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about June 24, 2021, in San Bernardino County, within the Central District of California, defendant MARC GREGORY GOODWIN, also known as "loweredforlife," knowingly possessed a Cruzer 32GB flash drive that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant GOODWIN possessed on his Cruzer 32GB flash drive included, but was not limited to, the following images and videos:

(1) A video titled "80VIDEI 036.wmv";

(2) A video titled "Minet Anya_NEW.avi";

(3) A video titled "minisuck1. 3gp";

(4) An image titled "36.lickbigdick.jpg"; and

(5) An image titled "03.touch.jpg";

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

   (a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

   (b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

   (c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

4

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

_____
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

SONAH LEE
Assistant United States Attorney
Riverside Branch Office