E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch
     3403 Tenth Street Suite 200
     Riverside, CA 92501
     Telephone: (951) 276-6924
     Facsimile: (951) 276-6237
     E-mail:   sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 22-000075-AB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARC GREGORY GOODWIN |
| v. | |
| MARC GREGORY GOODWIN, aka "loweredforlife," | |
| Defendant. | |

1.    This constitutes the plea agreement between MARC GREGROY GOODWIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

     a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a one-count superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1).

  b.  Not contest facts agreed to in this agreement.

  c.  Abide by all agreements regarding sentencing contained in this agreement.

  d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g.  Agree to and not oppose the imposition of a term of supervised release of no less than 20 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) with the following conditions of supervised release set forth in the "Appendix" to this Agreement.

  h.  Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

  i.  Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment

schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.    A Cruzer 32gb flash drive (the "Forfeitable Asset").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Asset and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Asset, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Asset.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Asset on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Asset.

f.    Not to claim that reasonable cause to seize the Forfeitable Asset was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

1        i.   That forfeiture of Forfeitable Asset shall not be

2  counted toward satisfaction of any special assessment, fine,

3  restitution, costs, or other penalty the Court may impose.

4  THE USAO'S OBLIGATIONS

5     4.   The USAO agrees to:

6        a.   Not contest facts agreed to in this agreement.

7        b.   Abide by all agreements regarding sentencing contained

8  in this agreement.

9        c.   At the time of sentencing, move to dismiss the

10  underlying indictment as against defendant.  Defendant agrees,

11  however, that at the time of sentencing the Court may consider any

12  dismissed charges in determining the applicable Sentencing Guidelines

13  range, the propriety and extent of any departure from that range, and

14  the sentence to be imposed.

15        d.   At the time of sentencing, provided that defendant

16  demonstrates an acceptance of responsibility for the offense up to

17  and including the time of sentencing, recommend a two-level reduction

18  in the applicable Sentencing Guidelines offense level, pursuant to

19  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

20  additional one-level reduction if available under that section.

21        e.   At the time of sentencing, provided that (i) defendant

22  complies with paragraph 2 and the other provisions of this agreement

23  up through the time of sentencing, (ii) the Court adopts the

24  Sentencing Factors set forth in Paragraph 17, and (iii) the Court

25  does not depart downward in criminal history category, recommend a

26  four-level downward variance in offense level based on the factors

27  set forth in 18 U.S.C. § 3553(a).

28

1

<u>NATURE OF THE OFFENSE</u>

2    5.    Defendant understands that for defendant to be guilty of

3 the crime charged in the sole count, that is, Distribution of Child

4 Pornography, in violation of Title 18, United States Code, Section

5 2252A(a)(2)(A), the following must be true: (1) the defendant

6 knowingly distributed matters that the defendant knew contained

7 visual depictions of minors engaged in sexually explicit conduct; (2)

8 the defendant knew each visual depiction contained in the matter

9 showed a minor engaged in sexually explicit conduct; (3) the

10 defendant knew that production of such a visual depiction involved

11 use of a minor in sexually explicit conduct; and (4) each visual

12 depiction had been: (a) mailed, shipped, or transported using any

13 means or facility of interstate commerce or in or affecting

14 interstate commerce; or (b) produced using material that been mailed,

15 shipped, or transported using any means or facility of interstate

16 commerce or in or affecting interstate commerce, by any means

17 including by computer.

18

<u>PENALTIES AND RESTITUTION</u>

19    6.    Defendant understands that the statutory maximum sentence

20 that the Court can impose for a violation of Title 18, United States

21 Code, Section 2252A(a)(2)(B), is: 20 years' imprisonment; a lifetime

22 period of supervised release; a fine of $250,000 or twice the gross

23 gain or gross loss resulting from the offense, whichever is greatest;

24 and a mandatory special assessment of $100.

25    7.    Defendant understands that the statutory mandatory minimum

26 sentence that the Court must impose for a violation of Title 18,

27 United States Code, Sections 2252A(a)(2), and (b)(1) is: five years'

28

1    imprisonment, a five-year period of supervised release, and a

2    mandatory special assessment of $100.

3        8.  Defendant understands that defendant will be required to

4    pay full restitution to the victim(s) of the offense to which

5    defendant is pleading guilty.  Defendant agrees that, in return for

6    the USAO's compliance with its obligations under this agreement, the

7    Court may order restitution to persons other than the victim(s) of

8    the offense to which defendant is pleading guilty and in amounts

9    greater than those alleged in the count to which defendant is

10   pleading guilty.  In particular, defendant agrees that the Court may

11   order restitution to any victim of any of the following for any

12   losses suffered by that victim as a result: (a) any relevant conduct,

13   as defined in U.S.S.G. § 1B1.3, in connection with the offense to

14   which defendant is pleading guilty; and (b) charges not prosecuted

15   pursuant to this agreement as well as all relevant conduct, as

16   defined in U.S.S.G. § 1B1.3, in connection with those charges.

17   Defendant understands that, under the Amy, Vicky, and Andy Child

18   Pornography Victim Assistance Act of 2018, the Court shall impose a

19   restitution amount of not less than $3,000 per victim.

20       9.  Defendant understands that, pursuant to the Justice for

21   Victims of Trafficking Act of 2015, the Court shall impose an

22   additional $5,000 special assessment if the Court concludes that

23   defendant is a non-indigent person, to be paid after defendant's

24   other financial obligations have been satisfied.

25       10.  Defendant understands that, pursuant to 18 U.S.C. § 2259A,

26   the Court may impose an additional special assessment of up to

27   $35,000.

28

7

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

1   collateral consequences will not serve as grounds to withdraw

2   defendant's guilty plea.

3       14.  Defendant and his counsel have discussed the fact that, and

4   defendant understands that, if defendant is not a United States

5   citizen, the conviction in this case makes it practically inevitable

6   and a virtual certainty that defendant will be removed or deported

7   from the United States.  Defendant may also be denied United States

8   citizenship and admission to the United States in the future.

9   Defendant understands that while there may be arguments that

10  defendant can raise in immigration proceedings to avoid or delay

11  removal, removal is presumptively mandatory and a virtual certainty

12  in this case.  Defendant further understands that removal and

13  immigration consequences are the subject of a separate proceeding and

14  that no one, including his attorney or the Court, can predict to an

15  absolute certainty the effect of his conviction on hi immigration

16  status.  Defendant nevertheless affirms that he wants to plead guilty

17  regardless of any immigration consequences that his plea may entail,

18  even if the consequence is automatic removal from the United States.

19                              FACTUAL BASIS

20      15.  Defendant admits that defendant is, in fact, guilty of the

21  offense to which defendant is agreeing to plead guilty.  Defendant

22  and the USAO agree to the statement of facts provided below and agree

23  that this statement of facts is sufficient to support a plea of

24  guilty to the charge described in this agreement and to establish the

25  Sentencing Guidelines factors set forth in paragraph 17 below but is

26  not meant to be a complete recitation of all facts relevant to the

27  underlying criminal conduct or all facts known to either party that

28  relate to that conduct.

In June 2021, Yahoo submitted a cybertip to the National Center for Missing and Exploited Children concerning an email account loweredforlife@yahoo.com, which was associated with defendant and which was suspected of distributing child pornography from the email account in 2012.  The cybertip was forwarded to the Fontana Police Department's Internet Crimes Against Children Task Force ("Fontana ICAC") for further investigation.  Fontana ICAC executed several search warrants, including for loweredforlife@yahoo.com and for defendant's residence in Fontana, San Bernardino County, California, within the Central District of California.

On June 24, 2021, Fontana ICAC executed a search warrant at defendant's residence and located a Cruzer 32GB flash drive, containing approximately three videos and 17 images of child pornography.  Fontana ICAC located approximately two distinct video files and 42 distinct images files of child pornography from loweredforlife@yahoo.com account.

Fontana ICAC also discovered that defendant had received and distributed child pornography using loweredforlife@yahoo.com account on several occasions.  Specifically, on January 26, 2017, defendant distributed one video of child pornography to another email user:

- _0_lol_cat__cum.wmv depicts a young girl about 7-10 years old lying naked on her back, tied down using a white cord onto a white metal frame.  The child's wrists were tied above her shoulders and the child's legs were tied, spread apart displaying her vagina.  An adult's arm holding a small can of what appears to be cat food spreads the food on the vagina of the child.  A tan colored cat licks the child's vagina.  At approximately one minute and 12 seconds

into the video, a naked adult man is masturbating with his erect penis and then digitally penetrates the child, and ejaculates on the child's abdomen.

Defendant admits and agrees that he knew that the video that he distributed to another individual on January 26, 2017, contained a visual depiction of a minor engaging in sexually explicit conduct, that he knew that the visual depiction contained in the image showed a minor engaged in sexually explicit conduct, and that he knew that production of such visual depiction involved use of a minor engaged in sexually explicit conduct.  Defendant admits and agrees that the minor depicted in the video was a real child, and defendant possessed and distributed child pornography using the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

17.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | [U.S.S.G. § 2G2.2] |
| Prepubescent/Less than 12 | +2 | [U.S.S.G. § 2G2.2(b)(2)] |
| Distribution: | +2 | [U.S.S.G. § 2G2.2(b)(3)(F)] |
| S&M/Sexual Abuse of Infants/Toddlers: | +4 | [U.S.S.G. § 2G2.2(b)(4)] |
| Computer: | +2 | [U.S.S.G. § 2G2.2(b)(6)] |
| 300-600 Images: | +4 | {U.S.S.G. § 2G2.2(b)(7)(C)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF VENUE</u>

21.  Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offense to which defendant is pleading guilty, to the extent the offense to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offense to which defendant is pleading guilty were

committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offense to which defendant is pleading guilty.

### WAIVER OF RETURN OF DIGITAL DATA

22.  Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

23.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 168 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the

statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $10,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above and in the "Appendix" to this Agreement.

25.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 87 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $3,000 per victim.

RESULT OF WITHDRAWAL OF GUILTY PLEA

26.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

15

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

16

entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

30. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                        OFFICE NOT PARTIES

3        31.  Defendant understands that the Court and the United States

4   Probation and Pretrial Services Office are not parties to this

5   agreement and need not accept any of the USAO's sentencing

6   recommendations or the parties' agreements to facts or sentencing

7   factors.

8        32.  Defendant understands that both defendant and the USAO are

9   free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations in paragraph 17 are

17  consistent with the facts of this case.  While this paragraph permits

18  both the USAO and defendant to submit full and complete factual

19  information to the United States Probation and Pretrial Services

20  Office and the Court, even if that factual information may be viewed

21  as inconsistent with the facts agreed to in this agreement, this

22  paragraph does not affect defendant's and the USAO's obligations not

23  to contest the facts agreed to in this agreement.

24       33.  Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty plea, and defendant will remain bound to

                                18

1 │ fulfill all defendant's obligations under this agreement.  Defendant

2 │ understands that no one -- not the prosecutor, defendant's attorney,

3 │ or the Court -- can make a binding prediction or promise regarding

4 │ the sentence defendant will receive, except that it will be between

5 │ the statutory mandatory minimum and within the statutory maximum.

6 │ NO ADDITIONAL AGREEMENTS

7 │     34.  Defendant understands that, except as set forth herein,

8 │ there are no promises, understandings, or agreements between the USAO

9 │ and defendant or defendant's attorney, and that no additional

10 │ promise, understanding, or agreement may be entered into unless in a

11 │ writing signed by all parties or on the record in court.

12 │ PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13 │     35.  The parties agree that this agreement will be considered

14 │ part of the record of defendant's guilty plea hearing as if the

15 │ entire agreement had been read into the record of the proceeding.

16 │ AGREED AND ACCEPTED

17 │ UNITED STATES ATTORNEY'S OFFICE
   │ FOR THE CENTRAL DISTRICT OF
18 │ CALIFORNIA

19 │ E. MARTIN ESTRADA
   │ United States Attorney

20 │                                              June 20, 2023

21 │ *Sonah Lee* _____        _____

22 │ SONAH LEE                                   Date
   │ Assistant United States Attorney

23 │                                            JUNE 12, 2023
   │                                            _____
24 │ _____                    Date
   │ MARC GREGORY GOODWIN
   │ Defendant                                  June 12, 2023
   │                                            _____
25 │                                            Date

26 │ _____
   │ MICHAEL D. SCHWARTZ
   │ Attorney for Defendant MARC GREGORY
   │ GOODWIN

27 │

28 │

19

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     JUNE  18, 2023
MARC GREGORY GOODWIN                 Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARC GREGROY GOODWIN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

MICHAEL D. SCHWARTZ
Attorney for Defendant MARC GREGORY
GOODWIN

June 16, 2023
Date

APPENDIX

Sex Offender Supervised Release Conditions

<u>Sex Offender Registration</u>

Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

<u>Counseling</u>

The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

As directed by the Probation Officer, the defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

Access to Materials

The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2).  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the defendant from possessing materials prepared and used for the purposes of the defendant's Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of the defendant's possession of the material in advance.

The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

Contact with Others

The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

The defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes the defendant to regularly contact persons under the age of 18.

The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall the defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

Employment

The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

Residence

The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

Search

The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

Computer

The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision. Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision. Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data related to image and video files.

All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search, seizure and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

The defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program.

EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          ED CR No. 22-00075(A)-AB

11                 Plaintiff,           F I R S T
                                        S U P E R S E D I N G
12                 v.                   I N F O R M A T I O N

13  MARC GREGORY GOODWIN,              [18 U.S.C. §§ 2252A(a)(2)(A),
       aka "loweredforlife"            (b)(1):  Distribution of Child
14                                     Pornography; 18 U.S.C. § 2253:
                                       Criminal Forfeiture]
15                 Defendant.

16

17       The United States Attorney charges:

18            [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

19       On or about January 26, 2017, in San Bernardino County,

20  within the Central District of California, defendant MARC

21  GREGORY GOODWIN, also known as "loweredforlife," knowingly

22  distributed child pornography, as defined in Title 18, United

23  States Code, Section 2256(8)(A), using a means and facility of

24  interstate and foreign commerce, and which had been mailed, and

25  which had been shipped and transported in and affecting

26  interstate and foreign commerce by any means, including by

27  computer, knowing that the video was child pornography.

28

The child pornography that defendant GOODWIN distributed consisted of the following video: "_0_lol_cat__cum.wmv."

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offense set forth in this First Superseding Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)    All right, title, and interest in any visual depiction involved in the offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in the offense;

(b)    All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense;

(c)    All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property; and

(d)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit

3

substitute property, up to the total value of the property

described in the preceding paragraph if, as the result of any

act or omission of the defendant, the property described in the

preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been

transferred, sold to or deposited with a third party; (c) has

been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled

with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

SONAH LEE
Assistant United States Attorney
Riverside Branch Office